UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

MALCOLM BROWN,

    Plaintiff,                                DEMAND FOR JURY TRIAL

-vs-                                            Case No.
                                                   Hon.

WIXOM MOTORS, LLC, et al.

    Defendants.

## COMPLAINT AND JURY DEMAND

## JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

## PARTIES

3. The Plaintiff to this lawsuit is Malcolm Brown who resides in Centerline, Michigan in Macomb County.

4. The Defendants to this lawsuit are as follows:

    a.    Wixom Motors, LLC ("WMLLC") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, State of Michigan, Cashier's Unit, 7064 Crowner Dr., Dimondale, MI 48821.

    b.    Chief Financial Credit Union ("CFCU"), which is a credit union doing business in Michigan, and which may be served at any of its branches including ones in Oakland County and Wayne County, Michigan.

5. At all relevant times WMLLC – in the ordinary course of its business – regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

6. WMLLC is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z § 226.2(a)(17).

7. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, CFCU is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

## VENUE

8. The transactions and occurrences which give rise to this action occurred in Livingston County.

9. Venue is proper in the United States District Court for the Eastern District of Michigan.

## GENERAL ALLEGATIONS

10. On August 31, 2024, WMLLC advertised a certain 2007 Maserati Sedan, VIN ZAMFE39A470029077 ("the vehicle") for sale for a purchase price of $12,999.00.

11. On or about August 31, 2024, Plaintiff purchased the vehicle from WMLLC and WMLLC extended credit to Plaintiff as evidenced in the retail installment contract.

12. The retail installment contract is currently held by CFCU.

13. Prior to consummating the credit sale, WMLLC did not provide Plaintiff with Truth in Lending disclosures in a form he could have and keep and, as a result, Plaintiff was not able to make an informed decision about the terms of the credit sale.

14. Specifically, the Plaintiff had a credit score in the 800 point range; WMLLC charged him 7.99% APR when he would have qualified for a much lower rate.

15. Had Plaintiff been given a disclosure of the APR in a form he could have and keep prior to consummating the credit sale, he would not have agreed to it.

16. Prior to consummating the credit sale, and because the Plaintiff informed WMLLC of his intent to purchase the vehicle over time on credit, WMLLC raised the cash price of the vehicle from $12,999.00 to $14,223.55.

17. This $1,224.55 increase in the purchase price is an undisclosed finance charge.

18. After consummating the credit sale, Plaintiff noticed that the cash price of the vehicle as advertised was lower than the price he was actually charged by WMLLC; when Plaintiff asked about this, WMLLC explained that the price increase was due to the fact that he was financing the vehicle.

19. Plaintiff also purchased a 24 month/24,000 mile extended service contract or warranty from WMLLC for $3,500.00 which covered the engine, transmission, drive axel, cooling, electrical, and air conditioning.

20. Before consummating the purchase of the vehicle, WMLLC made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle: that the vehicle's cash price was $12,999.00.

21. WMLLC made the following representations by operation of law as a result of the sale of a written warranty or extended service contract within 90 days of the sale of the vehicle:

    a. The vehicle was merchantable.

    b. the vehicle was fit for its intended purpose.

22. Before executing the purchase agreement, WMLLC made the following specific representations which constituted express warranties:

    a. that the vehicle's cash price was $12,999.00.

23. The vehicle did not meet WMLLC's specific representations which constituted express warranties.

24. WMLLC disclaimed or limited the warranty of merchantability and fitness for use without doing so clearly and conspicuously.

25. The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. § 440.2101 *et seq*.

26. Since the date of purchase the vehicle has suffered from the following mechanical defects:

    a. Engine failure/timing chain failure.

27. Each time Plaintiff learned of a mechanical defect, Plaintiff promptly notified WMLLC of that defect.

28. Based on the frequency of breakdown, the vehicle's time out of service, the severity of the mechanical failures, the cost of warranty coverage, and amount of other expenses incurred during the limited time of ownership of the vehicle, the vehicle has been rendered unmerchantable, unfit, and of diminished value to Plaintiff.

29. Plaintiff is entitled to have WMLLC return of all payments for the vehicle, cancel the security interest in the vehicle, and return the motor vehicle retail instalment sales contract.

30. Plaintiff suffered damages as a result of the acts and omissions set forth herein.

## COUNT I -- Truth In Lending Act

### (WMLLC)

31. Plaintiff incorporates the preceding allegations by reference.

32. WMLLC was required to make the disclosures required by 16 U.S.C. § 1638 prior to consummating the sale of the vehicle.

33. Those disclosures were required to be made in writing, in form that could be kept by the consumer so that consumers may shop for credit prior to engaging in a credit transaction.

34. WMLLC failed to make those disclosures in a timely fashion in violation of 15 U.S.C. § 1638(a)(4).

35. By failing to provide Plaintiff with a copy of truth in lending disclosures at the time and in the manner prescribed by Regulation Z of the Truth in Lending Act, the dealer has violated the federal Truth in Lending Act, 15 U.S.C. § 1601.

36. WMLLC failed to accurately disclose the cash price of the vehicle.

37. The failure to properly disclose the cash price of the vehicle consequently caused a failure to accurately disclose the amount financed in violation of 15 U.S.C. § 1638; 16 CFR § 226.18 (b) and (c).

38. WMLLC failed to accurately disclose the applicable finance charge as required by 15 U.S.C. § 1638 and Reg Z § 226.18(d)

39. WMLLC failed to accurately disclose and itemize the amount financed in violation of 15 U.S.C. § 1638, Reg Z § 226.18(b), and Reg Z § 226.18(c).

40. As a consequence of failing to accurately state the actual finance charge, WMLLC also misstated the applicable "APR" in violation of 15 U.S.C. § 1338 and Reg Z § 226.18(e).

41. WMLLC failed to accurately disclose the applicable "APR" as required by 15 U.S.C. § 1638; Reg Z § 226.18(32); Reg Z § 226.22.

42. By falsely and inaccurately misstating the APR, finance charge, and amount financed due to the inflation of the purchase price of the vehicle, WMLLC

violated 15 U.S.C § 1638(a)(3), entitling Plaintiff to recover statutory damages under 15 U.S.C. § 1640, amounting to twice the finance charge and actual damages.

43. WMLLC failed to make any disclosure of the value given for the trade in.

44. TILA requires the disclosure of the amount of value give for any property taken in trade along with the amount necessary to discharge any applicable lien, Reg Z § 226.2(a)(18) Official Commentary to Reg Z §§ 226.2(a)(18)(3), 226.18(c)(2)(iii).

45. TILA also requires that WMLLC itemize the total sale price of the vehicle, expressed as the sale price minus the amount of the down payment, Reg Z § 226.18(j).

46. WMLLC is liable to plaintiff for actual and statutory damages to be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640.

## COUNT II -- Magnuson-Moss Warranty Act

### (WMLLC & CFCU)

47. Plaintiff incorporates the preceding allegations by reference.

48. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, CFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

49. Plaintiff is a consumer as defined in 15 U.S.C. §2301(3).

50. WMLLC is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) & (5).

51. As a seller of motor vehicles, WMLLC was obligated to comply with the FTC buyers guide rule promulgated under the Magnuson Moss Warranty Act, 15 C.F.R. 455.1 *et seq*

52. Under the buyers guide rule, WMLLC was required to affix the buyers guide to the car prior to the sale of the vehicle to Plaintiff.

53. WMLLC failed to affix the buyers guide to the car prior to the sale of the vehicle to Plaintiff, thereby violating the buyers guide rule.

54. In the FTC buyers guide, WMLLC affirmatively stated that it was giving no warranties.

55. Under the buyers guide rule, 16 C.F.R. §455.4, WMLLC may not make any oral representations contrary to the final terms incorporated into the buyer's guide.

56. The oral representations made by WMLLC are contrary to the terms stated in the buyers guide, and therefore violate 16 C.F.R. §455.4 and constitute an unfair or deceptive practice under 15 U.S.C. 2301 *et seq*.

57. Under 15 U.S.C. §2301(a)(1), WMLLC, must remedy any defect, malfunction or nonconformance of the subject vehicle as a warrantor of the vehicle.

58. WMLLC has violated 15 U.S.C. §2304(d) by failing to provide the required remedy for the failure to honor a written warranty.

59. Plaintiff suffered and continued to suffer damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. § 2304(d).

## COUNT III -- Violation of Michigan Consumer Protection Act (WMLLC & CFCU)

60. Plaintiff incorporates the preceding allegations by reference.

61. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, CFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

62. WMLLC is engaged in trade or commerce as that terms is defined in M.C.L. § 445.902.

63. WMLLC has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

    a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

    b. Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

    c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

    d. Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

    e. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

    f. Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

g. Representing that a part, replacement, or repair service is needed when it is not.

h. Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

i. Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

j. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

k. Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

l. Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

    m.    Representing that a consumer will receive goods or services "free", "without charge", or words of similar import without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

    n.    Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

    o.    Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

    p.    Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

    q.    Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

r. Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

s. Causing coercion and duress as the result of the time and nature of a sales presentation.

t. Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

64. Plaintiff suffered damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT IV -- Misrepresentation

## (WMLLC & CFCU)

65. Plaintiff incorporates the preceding allegations by reference.

66. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, CFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

67. The material representations were intended to induce the reliance of Plaintiff.

68. The material representations did induce the reasonable reliance of Plaintiff.

69. WMLLC made the material representations with actual knowledge of their falsity.

70. WMLLC made the material representations with reckless disregard to their truth or falsity.

71. WMLLC made the material representations even though it should have known that they were false.

72. These actions constitute a misrepresentation upon Plaintiff.

73. Plaintiff suffered damages as a result of this misrepresentation.

## **COUNT V -- Breach of Contract**

## **(WMLLC & CFCU)**

74. Plaintiff incorporates the preceding allegations by reference.

75. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, CFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

76. WMLLC's tender of the performance did not conform as a result of the vehicle's mechanical defects, lack of merchantability, and lack of fitness for intended purpose which existed at the time of delivery.

77. The failure of WMLLC to deliver conforming goods, title, and follow up services at the contract price constitutes a material breach of contract.

78. Plaintiff suffered damages as a result of this breach of contract.

### COUNT VI -- Breach of Warranties

### (WMLLC & CFCU)

79. Plaintiff incorporates the preceding allegations by reference.

80. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, CFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

81. WMLLC has breached its express warranties.

82. WMLLC has breached its warranty of merchantability.

83. WMLLC has breached its warranty of fitness for intended purpose.

84. Plaintiff suffered damages as a result of these breaches of warranty.

### COUNT VII — Motor Vehicle Sales Finance Act

### (WMLLC & CFCU)

85. Plaintiff incorporates the preceding allegations by reference.

86. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, CFCU is subject to the claims set forth in this Count that arise against the seller

for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

87. WMLLC failed to properly complete all necessary terms of the installment contract as required by the Motor Vehicle Sales Finance Act.

88. Plaintiff suffered the damages set forth above by reason of the WMLLC's violations of the MVSFA.

### COUNT VIII — Motor Vehicle Installment Sales Contract Act

### (WMLLC & CFCU)

89. Plaintiff incorporates the preceding allegations by reference.

90. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, CFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

91. WMLLC failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 566.302 *et seq*.

92. Plaintiff suffered damages in the amount of the finance charge imposed.

### COUNT IX — Motor Vehicle Code Violations

### (WMLLC & CFCU)

93. Plaintiff incorporates the preceding allegations by reference.

94. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, CFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

95. WMLLC forged the Plaintiff's signature on the RD-108.

96. Plaintiff may void the contract of sale as a result WMLLC's violation of the Motor Vehicle Code.

97. Plaintiff may void the contract of sale as a result WMLLC's violation of the Motor Vehicle Code under M.C.L. §257.251.

## JURY DEMAND

98. Plaintiff requests a jury trial in this case.

## REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court assume jurisdiction over this case and including all supplemental claims, award actual damages, treble damages, statutory and punitive damages, costs, and attorney fees.

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

By:   /s/ Adam G. Taub
        Adam G. Taub (P48703)
        Attorney for Malcolm Brown
        17200 West 10 Mile Rd. Suite 200
        Southfield, MI 48075
        Phone:  (248) 746-3790
        Email:   adamgtaub@clgplc.net

Dated: August 29, 2025